UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAIVON PRYOR,

                Plaintiff,

-against-

JOHN OR JANE DOE, M.D; SUPERINTENDENT
ROBERT MORTIN, JR., *Downstate Correctional Facility*,

                Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/2022

22-CV-162 (NSR)

ORDER OF DISMISSAL

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, who is currently incarcerated at Bare Hill Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights during his custody at Downstate Correctional Facility. By order dated January 11, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the amended complaint.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against Downstate Correctional Facility Superintendent Robert Morton, Jr., and "John or Jane Doe M.D." He invokes federal question jurisdiction and asserts violations of his rights under the Eighth and Fourteenth Amendments to the Constitution. The

amended complaint[2] contains the following allegations: Plaintiff, who is Rastafarian, entered the custody of the New York State Department of Corrections and Community Supervision (DOCCS) in April 2018. As a part of the admissions process at Downstate, Plaintiff was ordered to strip down to his underwear and socks to be physically examined in a curtained room. (ECF 8 ¶¶ 1-4.) The doctor reviewed Plaintiff's medical history, which could be heard by persons passing by or in the adjoining room. (*Id.* ¶ 10.) As part of the examination, the doctor instructed Plaintiff to drop his underwear so that he could examine Plaintiff's testicles. (*Id.* ¶ 11(f).) This examination was done while the curtain remained open and Plaintiff could be seen by staff members and other prisoners passing in the hallway. Plaintiff "protested," because "inmates and staff members out in the hallway could see [his] naked body," and he told the doctor that his religion "forbid[s] . . . expos[ure] to someone other than his wife, outside of the same sex or opposite sex that is not through marriage." (*Id.* at 9.) The doctor and a corrections officer ignored Plaintiff's objections, and never told him that he could refuse to be examined. (*Id.* ¶¶ 8, 20.) According to Plaintiff, DOCCS "has a policy that NO inmate shall be required to be naked for physical examinations, without any privacy, unless it is medically determined that it is required." (*Id.* ¶ 12.) Plaintiff further alleges that the manner in which the examination was conducted "served NO penological interest," and violated his "rights to practice his religion." He seeks $200,000 in money damages. (*Id.* ¶¶ 13, 18, & VI.)

---

[2] Plaintiff's original complaint is dated January 3, 2022. By *sua sponte* order dated January 31, 2022, Chief Judge Swain directed Plaintiff to file an amended complaint to address the apparent untimeliness of Plaintiff's Section 1983 claims. (ECF 5.) In the amended complaint, Plaintiff alleges that in December 2021, after he was transferred to Bare Hill, he discovered that officials at Downstate had "fraudulently concealed" complaints by other prisoners about these medical examinations. (ECF 8 ¶ 21.)

3

## DISCUSSION

**A.      Claims under 42 U.S.C. § 1983**

Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978). To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff alleges that the medical examination giving rise to this complaint occurred in April 2018, and the claim thus accrued on that date. Plaintiff therefore had until April 2021, to file this action. Plaintiff's complaint, which is dated January 3, 2022, was filed more than eight months beyond the limitations period. *See Walker v. Jastremski*, 430 F.3d 560, 562–64 (2d Cir. 2005) (discussing prison mailbox rule, under which the date a prisoner signs a court submission qualifies as the filing date).

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). "Generally, to merit equitable relief, a plaintiff must have acted with reasonable diligence during the time period [he] seeks to have tolled." *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d

4

Cir. 2002). Thus, the burden falls to the plaintiff to prove that his failure to meet a requirement in filing his pleading was not attributable to a larger failure to act diligently in pursuing his judicial remedies during the statutory period. *Id.* The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82–83.

Under New York law, the doctrine of fraudulent concealment prevents a party from fraudulently concealing wrongdoing until after the tolling of the statute of limitations." *Aiken v. Nixon*, 236 F. Supp. 2d 211, 240 (N.D.N.Y. 2002). "To invoke the doctrine of fraudulent concealment properly [for purposes of seeking an equitable tolling of the statute of limitations], a plaintiff must establish three elements, including: (1) wrongful concealment by defendants [of their actions], (2) which prevented plaintiff's discovery of the nature of the claim within the limitations period, and (3) due diligence in pursuing the discovery of the claim." *N.Y. Dist. Council of Carpenters Pension Fund v. Forde*, 939 F. Supp. 2d 268, 278 (S.D.N.Y. 2013) (citing *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 60 (2d Cir. 1998). "The relevant question is not the intention underlying defendants' conduct, but rather whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action." *Veltri v. Bldg. Serv. 32b-J Pension Fund*, 393 F.3d 318, 323 (2d Cir. 2004) (citing *Pearl*, 296 F.3d at 82).

The Court finds Plaintiff has not plausibly alleged any of the three elements to invoke this doctrine. Chief Judge Swain directed Plaintiff to show cause why any § 1983 claims should not be dismissed as untimely. *See Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds). In response, Plaintiff filed an amended complaint asserting that in

5

December 2021, after he was transferred to Bare Hill, he discovered that officials at Downstate had "fraudulently concealed" complaints by other prisoners about these medical examinations. Plaintiff's assertions, however, do not suggest that Defendants fraudulently concealed from Plaintiff that he had a cause of action. He also fails to allege facts demonstrating that Defendants induced him to forego filing a timely lawsuit, or that he acted with reasonable diligence to timely file this action. Accordingly, Plaintiff has failed to show that the statute of limitations should be equitably tolled, and the Court dismisses as untimely any claims he is asserting under § 1983.

**B.**     **The Religious Land Use and Institutionalized Persons Act**

Plaintiff's allegations could be construed as asserting a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc.[3] RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005); *see* 42 U.S.C. § 2000cc-1(a). Under RLUIPA, the government may not "substantial[ly] burden" an institutionalized person's religious exercise unless the burden furthers a compelling governmental interest by the least restrictive means. *Jova v. Smith*, 582 F.3d 410, 415 (2d Cir. 2009). RLUIPA provides institutionalized persons with "greater protection" to exercise their religious beliefs than the First Amendment. *Holt v. Hobbs*, 574 U.S. 352, 356 (2015) ("RLUIPA's 'substantial burden' inquiry asks whether the government has substantially burdened religious exercise . . . , not whether the RLUIPA claimant is able to engage in other forms of religious exercise.").[4]

---

[3] The statute of limitations for RLUIPA claims is four years. 28 U.S.C. § 1658(a); *Prescott v. Annetts*, No. 09-CV-4435, 2010 WL 3020023, at *6 (S.D.N.Y. July 22, 2010) (citation omitted). Any claim Plaintiff is asserting under RLUIPA is arguably timely.

[4] Neither the Supreme Court nor the Second Circuit have decided whether personal involvement is a prerequisite for a valid RLUIPA claim, but district courts in this Circuit have

RLUIPA provides for injunctive and declaratory relief when a correctional facility violates a prisoner's religious rights. *Tanvir v. Tanzin*, 894 F.3d 449, 464–66 (2d Cir. 2018). In this Circuit, however, a prisoner's transfer from a correctional facility generally moots claims for declaratory and injunctive relief against officials of that facility. *Booker v. Graham*, 974 F.3d 101, 107 (2d Cir. 2020); *Walker v. City of New York*, 367 F. Supp. 3d 39, 51 (S.D.N.Y. 2019) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.") (citing *Salahuddin* v. *Goord*, 467 F.3d 263, 272 (2d Cir. 2006)).

Moreover, RLUIPA does not provide for monetary damages against state officials sued in their official capacities, *Sossamon v. Texas*, 563 U.S. 277, 282 (2011), and the Second Circuit has held that the statute does not create a private right of action against state officials sued in their individual capacities, *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) (per curiam) (reasoning that the Spending Clause allows Congress to impose conditions only on parties actually receiving federal funds, and individual state employees are neither contracting parties nor grant recipients).

Because Plaintiff was transferred from Downstate and is now incarcerated at a different correctional facility, any claims he seeks to assert for injunctive or declaratory relief are moot. Moreover, Plaintiff cannot seek damages from any individual defendants either in their official or individual capacities. Accordingly, any claims Plaintiff seeks to assert under RLUIPA must be dismissed for failure to state a claim on which relief may be granted.

---

held that personal involvement is a necessary component of valid RLUIPA claims. *Amaker v. Lee*, No. 13-CV-5292 (NSR), 2019 WL 1978612, at *5 (S.D.N.Y. May 3, 2019) (listing cases). The Court notes that Plaintiff's complaint contains no facts describing how Superintendent Morton was personally involved in what occurred.

C.      **Leave to amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

For the reasons set forth above, the amended complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff at his address listed on ECF and to show service on the docket.

SO ORDERED.

Dated:   May 11, 2022
         White Plains, New York

                                                    _____
                                                         NELSON S. ROMÁN
                                                     United States District Judge